UNITED STATES DISTRICT COURT
|MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**SOVEREIGN HEALTH OF FLORIDA,
INCORPORATED, a Delaware corporation,**

    **Plaintiff,**

v.                                              Case No.: 2:15-CV-265-FtM-29CM

**CITY OF FORT MYERS, a Florida
municipal corporation,**

    **Defendant.**

_____/

## **PROTECTIVE ORDER**

WHEREAS, Defendant City of Fort Myers ("the City") has requested Plaintiff Sovereign Health of Florida, Incorporated ("Sovereign") to produce certain documents in the subject litigation;

WHEREAS, the City has indicated that it is not seeking confidential medical information which can be tracked to any individual and that it expects that Sovereign will redact any individual identifying information (including, but not being limited to, names, addresses, phone numbers, fax numbers, email addresses, social security numbers and the like);

WHEREAS, Sovereign claims that the requested documents also include trade secrets or documents that are otherwise confidential;

WHEREAS, Sovereign is unwilling to provide certain documents and information without a confidentiality agreement; and

WHEREAS, the City intends to comply with its obligations under the Florida Public Records Act, Florida Statutes Chapter 119;

IT IS HEREBY ORDERED:

103068552.2



1. <u>"Confidential Information."</u> This Order shall apply to all information which Plaintiff, Sovereign Health of Florida, Incorporated ("the Producing Party") claims is confidential (including but not limited to, the Producing Party's financial information, trade secrets or other confidential research, development, or commercially sensitive business information, the disclosure of which could cause a competitive disadvantage, and any documents containing or disclosing personal medical information of any program participants) ("Confidential Information") provided Plaintiff designates the information as such in writing or by legend as "Confidential." Plaintiff asserts that the Confidential Information may be deemed confidential pursuant to federal and state confidentiality laws and regulations, including, but not limited to, 42 U.S.C. § 290dd-2, Chapter 397, Florida Statutes (2015), and Florida Administrative Code R. 65D-30 (2015), and the Confidential Information shall be treated as confidential by all persons receiving it ("the Receiving Party") unless a court orders otherwise.

2. <u>Designating Confidential Information.</u>

    (a) All designations of Confidential Information shall be made in good faith by the Producing Party at the time of disclosure, production, or tender.

    (b) The designation of Confidential Information may be made by marking or placing the applicable notice "Subject to Protective Order," "Confidential," or substantially similar designation on each and every page of the document (or, where a copy of the original document is to be produced, on that copy). All documents and things so marked, is "Protected Information."

    (c) When practicable, documents and other media containing Confidential Information shall be produced under a cover sheet that states as follows:

**Confidential Information:**
Page 2

> **The documents and information here contained and their contents may not be used, duplicated, distributed, published, disclosed or divulged to any person except as specifically authorized by the Protective Order governing confidential information captioned: <u>Sovereign Health of Florida, Incorporated v. City of Fort Myers</u>, Case No. 2:15-cv-265-FXY-29CM in the United States District Court for the Middle District of Florida.**

    (d)    All parties recognize that in many instances native format documents cannot be marked as set forth in paragraph 2(b), and thus, to the extent native format documents containing Confidential Information are produced, the Producing Party will make reasonable provision for marking native format documents as "Confidential" when producing such documents. The Receiving Party will treat all such native format documents as "Confidential."

3.    <u>Designation of Deposition Testimony.</u>

    (a)    Deposition testimony that counsel for the Party or non-party witness tendering such testimony, in good faith, believes refers to Protected Information may be designated as "CONFIDENTIAL," as applicable, by such counsel by making a statement on the record for inclusion in the deposition transcript.

    (b)    When Protected Documents or information is designated as Confidential in a deposition transcript, the counsel making the designation shall instruct the reporter to imprint the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION" on the cover page of the transcript and to include, at the front of the transcript, a page identifying all pages and lines designated as "CONFIDENTIAL" in the transcript.

(c) If Protected Documents are used in depositions, such documents or information shall remain subject to this Order, along with the transcript pages of the deposition testimony concerning the Protected Information.

(d) Any court reporter or transcriber who reports or transcribes testimony shall agree that anything designated Confidential by this Order will remain confidential, and be disclosed only in accordance with this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

(e) Notwithstanding a counsel's designation on the record as contemplated in paragraph 3(a), above, deposition testimony, exhibits, and videotapes of depositions will not be considered "Confidential" <u>unless,</u> within fourteen (14) days of receipt of the deposition transcript, a the party desiring to designate deposition testimony, exhibits and any videotape as Confidential Information, serves on all counsel of record a designation in writing identifying the specific deposition testimony, exhibits and any videotape portions to be considered "Confidential." Any portions of a transcript, exhibit or videotape designated as Confidential Information shall thereafter be treated in accordance with this Order unless a court orders otherwise. Any party may designate deposition testimony, exhibits and any videotape as Confidential Information in accordance with this subparagraph regardless of whether counsel designated such items as Confidential during the deposition as contemplated in subparagraph 3(a).

4. <u>Inadvertent Production of Confidential Information.</u>

(a) The inadvertent production of Confidential Information without a designation or with a mis-designation of Confidential Information shall not be deemed a waiver or impairment of any claim of protection of the confidential nature of any such information.

(b) Within seven (7) days of receipt of notice that any Confidential Information has been inadvertently produced without appropriate designation, the party receiving such notice shall return any such Confidential Information and all copies thereof to the producing party.

(c) The producing party shall, within seven (7) days thereafter, appropriately designate the materials as Confidential Information and produce the same to the returning party.

(d) With respect to all information inadvertently produced without appropriate designation, the party receiving notice of such failure to designate shall make a reasonable, good faith effort to ensure that any analysis, memoranda or notes that were generated based on such material shall be immediately treated in conformity with any such re-designation.

5. <u>Use and Disclosure of Confidential Information.</u>

(a) The items identified as Confidential Information may be used solely for the purposes of this litigation and for no other purpose and may be disclosed to and viewed by the following "Authorized Persons":

(i) Counsel of record in this case, including all attorneys, legal assistants, secretaries and other employees of counsel's firm or office who have a need to see the Confidential Information for the purpose of assisting counsel;

(ii) Any expert retained by any party for the purpose of this litigation or any of that expert's employees who have a need to see the Confidential Information for the purpose of assisting such expert;

(iii) The Court and its employees, the triers of fact and court reporters transcribing testimony herein and notarizing officers;

(iv) A potential, anticipated or actual fact witness whom counsel for the disclosing Party believes may have knowledge pertaining to the content of the Protected Information to be disclosed;

(v) The author(s) or any recipient of the document;

(vi) Litigation support consultants and vendors who provide litigation support services (e.g., photocopying, electronic discovery, videotaping, translating, preparing exhibits or demonstrations, etc.); and

(vii) Any person expressly named and agreed to in writing by the Parties or by Order of the Court.

(b) Before any Authorized Persons, other than Counsel of Record, is given access to documents identified as Confidential Information, that person shall be furnished with a copy of this Order and shall sign the Agreement to be Bound that is attached to the end of this Order.

(c) No one who has access to these documents identified as Confidential Information shall distribute, disclose, divulge, publish or otherwise make available any portion, extracts or summaries thereof or disclose the subject matter to any other person, except persons who are also authorized to view or have access to them under the

terms of this Order, and except the Court as necessary, in the conduct of this particular litigation, unless such persons have first obtained leave of the Court or the consent of the Producing Party to disclose such Confidential Information.

6. <u>Disputing "Confidential" Designations.</u>  If a Party disputes the "Confidential" designation of Protected Information, the disputing party must notify the Producing Party of its position in writing. Counsel shall confer in good faith to resolve any dispute concerning such designation or redaction. If the Parties cannot resolve the dispute within fourteen (14) days of the service date of the written dispute notification, the party challenging the designation may move the Court to dedesignate the subject documents in accordance with the Local Rules and any other applicable Orders of the Court. The document or information at issue shall be treated as Confidential until the Court issues a decision. If the Court grants such a motion, the Producing Party shall remove the confidentiality legend or redaction from such document(s) within ten (10) business days of the entry of the Court's Order.

7. <u>Filing Under Seal.</u>  If any Party wishes to file with the Court any portion of any Protected Information or related information, such materials shall be submitted to the Court with a Motion to Seal filed in accordance with this Court's Local Civil Rule 1.09(b) and pursuant to this Order. Any Protected Information or information that references or attaches confidential portions of deposition transcripts or taken from Protected Information shall be filed accordance with Local Rule 1.09(b) in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this action, a generic designation of the contents of such sealed envelope or other container, the word "CONFIDENTIAL" and words in substantially the following form:

> This envelope contains documents that have been filed in this case by one of the parties and by Order of this Court and shall not be opened, nor should the contents hereof be displayed or revealed, except by further order of the Court.

If the Court denies the Motion to Seal and, in accordance with Local Rule 1.09(d) the Clerk returns the Confidential Information to the filing Party, the Producing Party may, within seven (7) days of the Court's Order denying the filing under Seal, move the Court for relief. If the Producing Party does not so move, or if the Court' denies such motion, the Confidential Information sought to be filed under seal shall be deemed no longer "Confidential" and subject to this Order and may, thereafter, be conventionally filed.

7. <u>Public Records Law</u>.

    (a)    Notwithstanding any other provision in this Order, the parties acknowledge that the City is a governmental entity subject to the Florida Public Records Law (Chapter 119, Florida Statutes). The parties further acknowledge that some, or all, of the information identified as Confidential Information may be defined as a public record under Florida law, which the City, by law, is obligated to disclose to the public for inspection and copying, unless the public record or the information contained in it is otherwise specifically exempt by statute. The parties agree that nothing in this Order shall be construed to prevent either party from fully complying with all laws, including Chapter 119, and that in the event of a conflict between any provision of this Order and Florida laws, Florida laws shall control.

    (b)    Should the City receive a request pursuant to Chapter 119 to produce documents which have been identified as Confidential Information the City will immediately notify the Producing Party by hand, overnight courier, email, or fax who will timely advise the City whether it considers the documents (or portions thereof) exempt from

the disclosure under Chapter 119 and the legal and factual basis for any claim of exemption. If the Producing Party fails to notify the City within seven (7) workdays whether it considers the documents (or portions thereof) exempt from disclosure and the legal and factual basis for any claim of exemption, the City is authorized to produce the entire document in response to the public records request pursuant to Chapter 119. In no event shall the City or any of its employees or agents be liable in any way for disclosing, or otherwise complying in good faith with Florida laws.

8. <u>Protected Material Subpoenaed or Ordered Produced in Other Actions.</u> If a Receiving Party (or any person receiving documents through them) is served with a subpoena, order, interrogatory, document or civil investigative demand, or any other legal demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks Protected Information or material that was produced or designated as Confidential Information in this case, the Receiving Party shall give prompt written notice by hand, overnight courier, email, or fax within seven (7) business days of receipt of such Demand to the person, party or third party who issued the Demand and the person, party, or third party who produced or designated the material as Confidential Information, and shall object to the production of such materials because of this Order. The burden of opposing the enforcement of the Demand shall fall upon the Receiving Party. If the Receiving Party obtains an order from any court or administrative agency of competent jurisdiction directing that the Demand be complied with, and serves such order upon the Producing Party at least three (3) business days prior to production under the Order, the Receiving Party shall not have violated this Order.

9. <u>Not Applicable to Trial</u>.   This Order does not apply to the offer of or admission into evidence of Protected Information or Confidential Information or their content at trial or in any evidentiary hearing, nor does it apply for any other purpose under the Federal Rules of Evidence. Such evidentiary issues should be raised as a separate matter upon the motion of any party at the time of trial or evidentiary hearing.

10. <u>Duration</u>.

    (a) At the close of this litigation, this Order shall remain in effect. This Court retains and shall have jurisdiction over the parties and all recipients of the Protected Information and information for enforcement of this Order after termination of this litigation.

    (b). This Protective Order is binding upon the Parties hereto, their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

SO ORDERED, this ___day of _____, 2016.

_____
JOHN E. STEELE
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**SOVEREIGN HEALTH OF FLORIDA,
INCORPORATED, a Delaware corporation,**

    **Plaintiff,**

v.                            Case No.: 2:15-CV-265-FtM-29CM

**CITY OF FORT MYERS, a Florida
municipal corporation,**

    **Defendant.**

_____/

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I,_____, [print or type full name], of__ _____[print or type full address] declare under penalty of perjury, under the laws of the United States of America, that **I have read the foregoing Protective Order. I understand all of its terms and provisions and agree to be bound by the Order in all respects.**

I agree that my signature below submits me to the jurisdiction of the United States District Court for the Middle District of Florida, in which *Sovereign Health of Florida Inc. v. City of Fort Myers*, Case No. 2:15-cv-265-FtM-29CM is pending, and binds me to the provisions of the Protective Order, including to all promises undertaken in the Order, as if originally agreed to by me.

Date: _____

    City and State (or Country) where sworn and signed:_____

    Printed name: _____

    Signature:_____