UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

SOVEREIGN HEALTH OF FLORIDA,
INCORPORATED, a Delaware corporation,

    Plaintiff,

Case No.: 2:15-CV-265-FXY-29CM

v.

JURY TRIAL DEMANDED

CITY OF FORT MYERS, a Florida
municipal corporation,

    Defendant.

_____/

## PLAINTIFF, SOVEREIGN HEALTH OF FLORIDA, INCORPORATED'S, NOTICE OF SERVICE OF ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, SOVEREIGN HEALTH OF FLORIDA, INCORPORATED ("Plaintiff"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 33, hereby responds to the Defendant's First Set of Interrogatories numbered 1 through 22 inclusive, which were propounded by Defendant, City of Fort Myers.

### GENERAL RESPONSES AND OBJECTIONS

Plaintiff makes the following General Responses and Objections, whether or not separately set forth, in response to each and every definition and individual request made in the Interrogatories which are hereby incorporated by reference into Plaintiff's responses. The answers set forth below, which Plaintiff expressly reserves the right to amend, supplement or correct, are submitted subject to and without waiver of these general objections:


EXHIBIT E

1. Plaintiff objects to all questions and requests insofar as any question seeks production of documents or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Such documents or information shall not be produced in response to Plaintiff's Interrogatories, and any inadvertent production thereof shall not be deemed a waiver of any privilege or protection which may attach with respect to such documents or information.

2. Plaintiff objects to all questions to the extent that the question calls for discovery that is harassing, unduly intrusive into private matters, unduly burdensome, vague or overly broad.

3. Plaintiff objects to the Interrogatories to the extent that any question seeks documents or information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to the Interrogatories to the extent that any question is vague and ambiguous because various terms are not defined.

5. Plaintiff objects to the Interrogatories insofar as they seek to impose on Plaintiff obligations and burdens beyond those required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

6. Plaintiff objects to the Interrogatories to the extent that they seek documents that are not, and never were, in the Plaintiff's possession. Plaintiff further objects to the documents and information requested in the Interrogatories to the extent that they purport to be directed to Plaintiff's attorneys and/or third parties.

7. Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any

other action for any purpose whatsoever.

### SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

1. Please identify each individual who provided information responsive to these Interrogatories, and for each such individual, specially state the interrogatory number or numbers to which he or she provided information, his or her knowledge regarding the matter and any documents he or she has reviewed and/or relied upon in preparing the response to these Interrogatories.

**Response:** **Rishi Barkataki with the assistance of counsel. Mr. Barkataki is the President of Plaintiff.**

2. Please identify the dates that Sovereign Health of Florida, Inc. was incorporated and qualified as a legal entity to do business in the State of Florida and the purpose(s) for its incorporation and its qualification to do business in the State of Florida.

**Response:** **See Florida Secretary of State filings attached hereto as Exhibit A.**

3. Please indentify all persons employed by, operating under, or working for Sovereign Health of Florida, Inc. at any time from January 1, 2013 to present, specifically including but not being limited to, Live Admission Specialists at (866)547-3360.

**Response:** **Objection. This interrogatory is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, not limited in scope, and not reasonably related to a material issue in this matter. Indeed, this interrogatory seeks, among other things, information that would necessarily include maintenance crews, lawn care specialists, security, independent contractors, etc. Without waiving its objections, Dr. David Koehn (Site Training Director), Jennifer Feriola (Program Director), Will Soto (Operations Manager).**

4. Please identify all of Sovereign Health of Florida, Inc.'s directors and officers, including the date each first came into that position, the end date and reason for departure, if applicable, from January 1, 2005 to present.

**Response:** **Objection. This interrogatory is overbroad, not reasonably limited in time, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, see Florida Secretary of State filings attached hereto as Exhibit A.**

5. Please identify all of Sovereign Health of Florida, Inc.'s shareholders, including the date each first became a shareholder and their present percentage of ownership, if any, from January 1, 2005 to present.

**Response:** **Objection. This interrogatory seeks confidential information that is not reasonably calculated to lead to the discovery of admissible evidence, and not reasonably related to a material issue in this matter.**

6. Please state Sovereign Health of Florida, Inc.'s monthly revenue and expenses for each month in 2014 and 2015.

**Response:** **Objection. This interrogatory seeks trade secret and other information that is confidential in nature. Sovereign Health has sought protection of this type of information through the implementation of a confidentiality order. To date, the City has not agreed to any such confidentiality order.**

7. Please state Sovereign Health of Florida, Inc.'s total annual revenue, total annual expenses, and total annual profits for each year from January 1, 2005 to present.

**Response:** **Objection. This interrogatory seeks trade secret and other information that is confidential in nature. Sovereign Health has sought protection of this type of information through the implementation of a confidentiality order. To date, the City has not agreed to any such confidentiality order.**

8. Please identify all persons or entities who prepared or assisted Sovereign Health of Florida, Inc. with preparing any financial documents, including, but not limited to, tax returns, profit and loss statements, balance sheets, and expense reports, at any time from January 1, 2005 to the present.

**Response:** **Objection. This interrogatory seeks trade secret and other information that is confidential in nature. Sovereign Health has sought protection of this type of information through the implementation of a confidentiality order. To date, the City has not agreed to any such confidentiality order.**

9. Please identify when Sovereign Health of Florida, Inc. began operating at 3331 East Riverside Drive, Fort Myers, FL.

**Response:** **Plaintiff admitted its first client on November 24, 2014.**

10. Please describe the process for and identify persons involved in creating, formulating and developing marketing materials, solicitations, brochures, information sources or the like for Sovereign Health of Florida, Inc. or the facility at the 3331 East Riverside Drive, Fort Myers, FL.

**Response:** **Objection, this interrogatory is vague and ambiguous ("process for"). Without waiving its objections, Rishi Barkataki.**

11. Please identify all insurance companies and medical providers with which Sovereign Health contracts for services at or for the facility located at 3331 East Riverside Drive, Fort Myers, FL.

> **Response: Objection. This interrogatory seeks trade secret and other information that is confidential in nature. Sovereign Health has sought protection of this type of information through the implementation of a confidentiality order. To date, the City has not agreed to any such confidentiality order.**

12. Please identify the factual basis for the statement in paragraph 5 of the Complaint that "Sovereign Health is an affiliate of a national organization dedicated to providing rehabilitative mental health treatment to individuals seeking to recover from the disease of addiction, other mental health conditions, or dual diagnosis."

> **Response: Sovereign Health, located in Ft. Myers, Florida, is affiliated with several other nationwide treatment facilities (residential and non-residential) that provide patients suffering from the disease of addiction, other mental health conditions, or dual diagnosis with the necessary rehabilitative mental health treatment. Affiliated facilities are located in California, Utah, and Arizona.**

13. Please identify the factual basis supporting the statement in paragraph 20 of the Complaint that "a residential treatment facility use is quite similar to an assisted living facility."

> **Response: Objection to the extent this interrogatory calls for a legal conclusion. Without waiving said objection, both residential treatment facilities and assisted living facilities are community-based residential housing facilities for people with disabilities that provide supervision and personal care services to help ensure the residents' health, safety, and well-being. They both have staff present to provide these, and other, services to the residents.**

14. Please explain whether Sovereign Health has procured any zoning verification letters referencing substance abuse services or treatment for persons who are addicted to drugs and alcohol for the facility located at 3331 Riverside Drive, Fort Myers, FL.

> **Response: Yes.**

15. Please identify the factual basis supporting the statement in paragraph 38 of the Complaint that "Ms. DeVaughn's change in position was in direct response to the neighborhood opposition that was mounting against the City, its staff, and its elected officials."

> **Response: Sovereign Health met with Ms. DeVaughn and described to her the type of residential accommodations that it would provide to its residents. Specifically, Sovereign Health informed Ms. DeVaughn that it intended to provide residential mental health treatment to individuals who are addicted to drugs and alcohol. To help her understand the scope of its proposed accommodations,**

Sovereign Health explained to Ms. DeVaughn the type of residential mental health treatment services that it provided to individuals in recovery in California, and that the services in Ft. Myers would be similar to such other facilities. Sovereign Health directed Ms. Devaughn to Sovereign Health's San Clemente, California facility for further additional information about the mental health treatment and living arrangements that would be provided.

In response to this information, Ms. DeVaughn explained that the use proposed by Sovereign Health qualified as a permitted use under the RM-16 zoning district as a "Residential Care Facility" and that she would be issuing a zoning verification letter confirming the proposed use.

On April 11, 2014, the City, through Ms. DeVaughn, issued a zoning verification letter (the "April 11 Zoning Letter") concluding that Sovereign Health could operate a "Residential Care Facility for people with disabilities, which provide supervision or assistance with activities of daily living..." at the Riverside Property.

On November 25, 2014, neighbors approached City staff and elected officials to complain about Sovereign Health using the Riverside Property as a place to treat and house individuals recovering from addiction to alcohol and controlled substances. The complaints included, (i) crime would increase as a result of the individuals residing at the Riverside Property, (ii) the residents of the Riverside Property were akin to murderers and schizophrenics who would disrupt the nearby community; and (iii) the safety of senior citizens, tourists, churchgoers, and children in the neighborhood would be at risk because of Sovereign Health and, most particularly, the Residents.

Shortly thereafter, the City altered its traditional policies and procedures. Indeed, Ms. DeVaughn, among others, placed a hold on any further City approvals for the Riverside Property. Ms. DeVaughn then informed Sovereign Health that the City would not process or accept Sovereign Health's approval applications and even reversed her position outlined in the April 11 Zoning Letter by contending that residential treatment facilities for individuals in recovery are only allowed in industrial zoning districts through the City – not residential or commercial zoning districts.

Given the change in position, the timing of said discriminatory change, and public statements by City employees and elected officials, the motives behind the City's actions were quite clear. Additional detail is contained in documents produced pursuant to the City's request for production.

16. Please identify the number of patients served by Sovereign Health of Florida, Inc. at 3331 Ease Riverside Drive, Fort Myers, FL for each month from January 1, 2013 to present, identifying the number of patients residing at the property and the number of patients registered for or receiving treatment, either residential or non-residential.

Response: Objection. This interrogatory seeks trade secret and other information that is confidential in nature. Sovereign Health has sought protection of this type of information through the implementation of a confidentiality order. To date, the City has not agreed to any such confidentiality order.

8

17. Please identify the factual basis supporting the statement that in paragraph 44 of the Complaint that "[t]raditionally, the City of Ft. [sic] Myers provides individuals with the opportunity to provide a factual defense to any code enforcement allegations before it schedules a hearing in front of the City's code enforcement board."

> **Response:** **The factual basis comes from knowledge obtained through interactions with the City and its code enforcement board. Additional detail can be found in the documents produced pursuant to the City's request for production.**

18. Please identify the factual and legal basis to support the allegation in paragraph 42 of the Complaint that an email from Councilman Streets was in violation of the Florida Sunshine laws.

> **Response:** **Objection. This interrogatory calls for a legal conclusion.**

19. Please identify the factual basis to support the allegation in paragraph 66.g of the Complaint that the City violated Sovereign Health's rights under the FHA by "making, printing, publishing, or causing to be made, printed or published a statement in connection with the sale or rental of housing that indicates a limitation, preference or discrimination on the basis of disability."

> **Response:** **The factual basis includes various statements by City employees and elected officials included in letters, emails, and other communications from the City related to Sovereign Health and made at formal and informal meetings related to Sovereign Health showing discriminatory animus against recovering addicts. Additional detail can be found in the documents produced pursuant to the City's request for production.**

20. Please explain Sovereign Health of Florida's advertisement of a "Detox Center in Florida" which includes the statement that "[n]o matter what substance you used, the process of detox should be medically supervised and monitored in order to reduce the risk of serious health problems that may result from withdrawal" on its website at http://www.sovfl.com/treatment-programs/detox/ (last visted October 16, 2015) with representations at the Code Enforcement Board Hearing of March 12, 2015, that medical detoxification services are not being provided and will not be provided at 3331 Riverside Drive, Fort Myers, FL.

> **Response:** **Objection. The phrase "representations at the Code Enforcement Board Hearing of March 12, 2015" is vague and ambiguous, as is the term "explain." In order to properly respond to this interrogatory, specific representations must be identified. Further, this interrogatory improperly mischaracterizes the referenced website and self-servingly omits relevant portions of the website.**

9

21. Please complete the following chart with the number of persons who have received the following listed services, the descriptions below correlating to the DCF License and Components, at 3331 Riverside Drive, Fort Myers, FL, and the number of dollars which have been billed and received for the following listed services at 3331 Riverside Drive, Fort Myers, FL.

|  | Number of recipients of services | Dollars billed for listed services | Dollars received for listed services |
|---|---|---|---|
| Inpatient Detoxification |  |  |  |
| Residential Level I |  |  |  |
| Residential Level V |  |  |  |
| Day/Night Treatment |  |  |  |
| Intensive Outpatient Treatment |  |  |  |

**Response: Objection. This interrogatory seeks trade secret and other information that is confidential in nature. Sovereign Health has sought protection of this type of information through the implementation of a confidentiality order. To date, the City has not agreed to any such confidentiality order.**

22. Please specify where within the facility at 3331 Riverside Drive, Fort Myers, FL, the following listed services correlating to the DCF License and Components are provided. You may do so narratively or with a diagram, aerial or map.

Inpatient Detoxification (your answer should include where the eight licensed beds are located):

Residential Level I (your answer should include where the 38 licensed beds are located):

Residential Level IV (your answer should include where the four licensed beds are located):

Day/Night Treatment:

Intensive Outpatient Treatment:

**Response: There are no designated beds or living quarters within the facility corresponding to the level of care. All beds/rooms can be used for all levels of care. Day treatment and intensive outpatient services do not take place at this facility.**

10

**SOVEREIGN HEALTH OF FLORIDA, INCORPORATED**

Signature: _R.L._

By: Rishi Barkataki

As Its: President

## ACKNOWLEDGEMENT

STATE OF California

COUNTY OF Orange

BEFORE ME this day personally appeared RISHI BARKATAKI, who, after being duly sworn deposes and says that he/she has read the foregoing Answers to Interrogatories and that the same are true and correct to the best of his/her knowledge and belief.

SIGNED AND SWORN TO (or affirmed) before me this O4 day of DECEMBER 2015, by RISHI BARKATAKI (name of affiant). He/she is personally known to me or has produced DRIVER'S LICENSE MARYLAND (type of identification or credible witness) as identification.



NOTARY PUBLIC

My Commission Expires:

11

F13000001822

# Florida Department of State
Division of Corporations
Electronic Filing Cover Sheet

---

Note: Please print this page and use it as a cover sheet. Type the fax audit number (shown below) on the top and bottom of all pages of the document.

(((H13000094948 3)))

H130000949483ABC5

Note: DO NOT hit the REFRESH/RELOAD button on your browser from this page. Doing so will generate another cover sheet.

```
To:
        Division of Corporations
        Fax Number      : (850)617-6381

From:
        Account Name    : NORTHWEST REGISTERED AGENT LLC
        Account Number  : I20090000081
        Phone           : (509)768-2249
        Fax Number      : (323)544-4790
```

**Enter the email address for this business entity to be used for future annual report mailings. Enter only one email address please.**

Email Address: _CSC@LLCAGENT.COM_

FILED 13 APR 26 PM 12:32 SECRETARY OF STATE TALLAHASSEE, FLORIDA

RECEIVED 13 APR 26 PM 4:35 DIVISION OF CORPORATIONS

## FOREIGN PROFIT/NONPROFIT CORPORATION
### Sovereign Health of Florida, Inc.

| | |
|---|---|
| Certificate of Status | 0 |
| Certified Copy | 0 |
| Page Count | 03 |
| Estimated Charge | $70.00 |

MD 4/29

H13000094948 3

**EXHIBIT A**

H130000949483

## APPLICATION BY FOREIGN CORPORATION FOR AUTHORIZATION TO TRANSACT BUSINESS IN FLORIDA

IN COMPLIANCE WITH SECTION 607.1503, FLORIDA STATUTES, THE FOLLOWING IS SUBMITTED TO REGISTER A FOREIGN CORPORATION TO TRANSACT BUSINESS IN THE STATE OF FLORIDA.

FILED 13 APR 26 PM 12:32 SECRETARY OF STATE TALLAHASSEE, FLORIDA

1. Sovereign Health of Florida, Inc.
(Enter name of corporation; must include "INCORPORATED," "COMPANY," "CORPORATION," "Inc.," "Co.," "Corp," "Inc," "Co," or "Corp.")

(If name unavailable in Florida, enter alternate corporate name adopted for the purpose of transacting business in Florida)

2. Delaware
(State or country under the law of which it is incorporated)

3. NA
(FEI number, if applicable)

4. 03/25/2005
(Date of incorporation)

5. Perpetual
(Duration: Year corp. will cease to exist or "perpetual")

6. NA
(Date first transacted business in Florida, if prior to registration)
(SEE SECTIONS 607.1501 & 607.1502, F.S., to determine penalty liability)

7. 254 Chapman Road Topkis Bldg Ste 100 Newark, DE 19702
(Principal office address)

254 Chapman Road Topkis Bldg Ste 100 Newark, DE 19702
(Current mailing address)

8. Health Care Service Provider
(Purpose(s) of corporation authorized in home state or country to be carried out in state of Florida)

9. Name and street address of Florida registered agent: (P.O. Box NOT acceptable)

Name: Northwest Registered Agent, LLC

Office Address: 3030 N. Rocky Point Dr. STE 150A

Tampa , Florida 33607
(City) (Zip code)

10. Registered agent's acceptance:
*Having been named as registered agent and to accept service of process for the above stated corporation at the place designated in this application, I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relative to the proper and complete performance of my duties, and I am familiar with and accept the obligations of my position as registered agent.*

Dan Keen-Manager
(Registered agent's signature)

11. Attached is a certificate of existence duly authenticated, not more than 90 days prior to delivery of this application to the Department of State, by the Secretary of State or other official having custody of corporate records in the jurisdiction under the law of which it is incorporated.

H130000949483

H13000949483

12. Names and business addresses of officers and/or directors:

**A. DIRECTORS**

Chairman: Rishi Barkataki

Address: 254 Chapman Road Topkis Bldg Ste 100 Newark, DE 19702

Vice Chairman: Tonmoy Sharma

Address: 254 Chapman Road Topkis Bldg Ste 100 Newark, DE 19702

Director: _____

Address: _____

Director: _____

Address: _____

**B. OFFICERS**

President: Rishi Barkataki

Address: 254 Chapman Road Topkis Bldg Ste 100 Newark, DE 19702

Vice President: _____

Address: _____

Secretary: Tonmoy Sharma

Address: 254 Chapman Road Topkis Bldg Ste 100 Newark, DE 19702

Treasurer: Rishi Barkataki

Address: 254 Chapman Road Topkis Bldg Ste 100 Newark, DE 19702

NOTE: If necessary, you may attach an addendum to the application listing additional officers and/or directors.

13. _____

Signature of Director or Officer

The officer or director signing this document (and who is listed in number 12 above) affirms that the facts stated herein are true and that he or she is aware that false information submitted in a document to the Department of State constitutes a third degree felony as provided for in s.817.155, F.S.

14. Rishi Barkataki   President

(Typed or printed name and capacity of person signing application)

H130000949483

[FILED stamp: 13 APR 26 PM 12:32 SECRETARY OF STATE TALLAHASSEE FLORIDA]

H13000094948.3

# Delaware
## The First State



I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "SOVEREIGN HEALTH OF FLORIDA, INC." IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWENTY-SECOND DAY OF APRIL, A.D. 2013.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES HAVE BEEN PAID TO DATE.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "SOVEREIGN HEALTH OF FLORIDA, INC." WAS INCORPORATED ON THE TWENTY-EIGHTH DAY OF MARCH, A.D. 2005.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL REPORTS HAVE BEEN FILED TO DATE.

3945377   8300
130466119

Jeffrey W. Bullock, Secretary of State
AUTHENTICATION: 0375872
DATE: 04-22-13

H13000094948.3

## 2014 FOREIGN PROFIT CORPORATION ANNUAL REPORT

DOCUMENT# F13000001827

Entity Name: SOVEREIGN HEALTH OF FLORIDA, INC.

**Current Principal Place of Business:**

254 CHAPMAN ROAD, TOPKIS BLDG., STE.100
NEWARK, DE 19702

**Current Mailing Address:**

254 CHAPMAN ROAD, TOPKIS BLDG., STE.100
NEWARK, DE 19702

**FEI Number:** 20-2585469

**Name and Address of Current Registered Agent:**

NORTHWEST REGISTERED AGENT, LLC
3030 N. ROCKY POINT DR., STE.150A
TAMPA, FL 33607 US

**FILED**
**Jun 30, 2014**
**Secretary of State**
**CC6310976909**

**Certificate of Status Desired:** Yes

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:

_____
Electronic Signature of Registered Agent                                                                      Date

### Officer/Director Detail :

| Title | CHRM | Title | PT |
|---|---|---|---|
| Name | BARKATAKI, RISHI | Name | BARKATAKI, RISHI |
| Address | 254 CHAPMAN ROAD, TOPKIS BLDG., STE.100 | Address | 254 CHAPMAN ROAD, TOPKIS BLDG., STE.100 |
| City-State-Zip: | NEWARK DE 19702 | City-State-Zip: | NEWARK DE 19702 |
| Title | VCHR | Title | S |
| Name | SHARMA, TONMOY | Name | SHARMA, TONMOY |
| Address | 254 CHAPMAN ROAD, TOPKIS BLDG., STE.100 | Address | 254 CHAPMAN ROAD, TOPKIS BLDG., STE.100 |
| City-State-Zip: | NEWARK DE 19702 | City-State-Zip: | NEWARK DE 19702 |

I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.

SIGNATURE: RISHI BARKATAKI                                          CHAIRMAN                    06/30/2014
_____
Electronic Signature of Signing Officer/Director Detail                                                       Date

## 2015 FOREIGN PROFIT CORPORATION ANNUAL REPORT

DOCUMENT# F13000001827

**Entity Name:** SOVEREIGN HEALTH OF FLORIDA, INC.

**Current Principal Place of Business:**
254 CHAPMAN ROAD, TOPKIS BLDG., STE.100
NEWARK, DE 19702

**Current Mailing Address:**
254 CHAPMAN ROAD, TOPKIS BLDG., STE.100
NEWARK, DE 19702

**FEI Number:** 20-2585469

**Name and Address of Current Registered Agent:**
NORTHWEST REGISTERED AGENT, LLC
3030 N. ROCKY POINT DR., STE.150A
TAMPA, FL 33607 US

**FILED**
Jan 12, 2015
Secretary of State
CC4479346785

**Certificate of Status Desired:** Yes

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

**SIGNATURE:**
_____
Electronic Signature of Registered Agent                                Date

**Officer/Director Detail:**

| Title | CHRM | Title | PT |
|---|---|---|---|
| Name | BARKATAKI, RISHI | Name | BARKATAKI, RISHI |
| Address | 254 CHAPMAN ROAD, TOPKIS BLDG., STE.100 | Address | 254 CHAPMAN ROAD, TOPKIS BLDG., STE.100 |
| City-State-Zip: | NEWARK DE 19702 | City-State-Zip: | NEWARK DE 19702 |
| Title | VCHR | Title | S |
| Name | SHARMA, TONMOY | Name | SHARMA, TONMOY |
| Address | 254 CHAPMAN ROAD, TOPKIS BLDG., STE.100 | Address | 254 CHAPMAN ROAD, TOPKIS BLDG., STE.100 |
| City-State-Zip: | NEWARK DE 19702 | City-State-Zip: | NEWARK DE 19702 |

I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.

**SIGNATURE: RISHI BARKATAKI**                              CHRM                              01/12/2015
_____
Electronic Signature of Signing Officer/Director Detail                                Date